## JOHNSON vs. LAUGHEAD.

JEFFERSON.
Decembeı 1816

Johnson
v.
Laughead.

Chancery will not interpose, where there is remedy at law.
Nor where in an action at law, the defendant has a full and complete
   defence in his power, and neglects to avaiı himself of it.

PETITION in Chancery—setting forth, that the plaintiff, on the 5th of March 1814, leased to the defendant a tract of land for three years from the 1st of April then next ensuing, for $200 per year; that the defendant was, by the covenant in the lease, to make divers improvements and repairs, payment for which was to be deducted out of "the last of the rent." That the defendant was not to waste the premises. That he has made but a part of the improvements; and that he is permitting the premises to be ruinous, and is neglecting to make necessary repairs, to the great injury of the property. That the defendant has kept a tavern, without the plaintiff's permission; but this would not be exceptionable, were it not that his tavern is one of "the most disreputable and unworthy kind." That the plaintiff, on the 1st of May 1815, commenced a suit against the defendant, to recover one half the first year's rent: and that, on the 13th April, 1816, he commenced a second suit against him, to recover the second year's rent; both suits were commenced in this court, and were continued to last June term, when the parties agreed to refer both suits to the arbitrament and award of three men mutually agreed upon, to make their award and report to that term. The award to be final, and judgment to be entered thereon. The agreement, and the rule of reference, were entered on the journals of the court. The arbitrators met on the 4th July, according to the rule; the parties appeared before them without counsel; the defendant exhibited "a long and heavy account" of tavern expences, &c. to the amount of about $100, the items of four fifths of which plaintiff solemnly believes and declares he never received or ordered for his use; he had no previous advice of the existence of such account; defendant had refused to produce his account, when, before that time, he had been requested so to do; plaintiff was taken by surprise, and had no opportunity to rebut the account; was informed that the arbitrators had no authority to adjourn; there was no evidence to support the account; the arbitrators, (as they say) allowed it or the greater part of it. Defendant also exhibited, as a further set-off, a large and as the plaintiff believes "in

JEFFERSON.
December 1816

Johnson
v.
Laughead.

'some parts" an unjust account, for improvements máde on the premises, in compliance with the lease; some of the improvements of no value; and of none of the items except the workmen's bills (a small part of the whole) was the plaintiff ever advised the defendant intended to attempt a set-off against the first and second year's rent. The account was allowed by the arbitrators, against the consent of the plaintiff, to the amount of between 2 and 300 dollars, without the plaintiff having any opportunity to impeach the validity of it. It was not supported by evidence, except the workmen's bills. The arbitrators say that they allowed the defendant for 500 feet of boards, which he had procured to be used about repairing the premises. The arbitrators made their award, and reported to the last June term. Judgments on the award were entered " without argument or objection," against the plaintiff, in one suit for $55 damages and the costs, and in the other for the costs. Upon which judgments, plaintiff is threatened with process of execution. That the arbitrators were influenced by favor and partiality toward the defendant, or were under palpable errors and mistakes; because they should not have allowed for improvements which were to be taken out of the last of the rent: they should not have allowed a book account without evidence: and because it was erroneous to allow for the 500 feet of boards. That defendant is a man of little or no property; owns no real estate; is much in debt; and at the end of the term will probably be unable to pay his rent; and probably will never be able to pay for all the injuries he has done to the premises. It then prays for an injunction against both the judgments at law, and concludes with a prayer for general relief.

An injunction was awarded, in vacation, by judge ANDERSON, on the plaintiff's affidavit.

WRIGHT, for the defendant, now moved to dissolve the injunction.

GOODENOW, for the plaintiff.

PRESIDENT.—The injunction prayed for in the bill, and granted in this case, is against further proceeding at law, on the judgments obtained by the defendant, in this court, at the last June term; and the question on this motion, is: has the plaintiff shewn himself entitled, in equity, to this injunction? There are but few cases in which the interposition of a court of chancery is necessary for justice

between parties. I know that precedents exist, which would countenance the extension of this jurisdiction to an almost complete concurrence with the courts of law; but, however grasping, loose and general, may have been the claims to jurisdiction, of some chancellors, this court is disposed to confine that branch of its jurisdiction within legitimate bounds, by refusing its aid, when the law gives relief. This is the safer course for the community, because the trial at law, on the *viva voce* testimony of witnesses, affords an infinitely better chance of eliciting the truth, than the examination of depositions; and the rules and maxims of the written law, are surer guides than the ever-varying consciences of chancellors.

JEFFERSON.
December 1816

Johnson
*v.*
Laughead.

Not only should chancery refuse its interposition, where there *is* remedy at law, but also " where a defendant in an action at law, has a full and complete defence in his power, and neglects to avail himself of it, he shall not go into a court of equity for relief." 1st Hen. & Mun. 601.

The plaintiff alledges that he commenced and prosecuted two suits at law against the defendant, in this court, to recover rent of him ; that, at the last June term, both suits were referred, by mutual consent, and by rule of court, to three men, chosen by the parties, whose award was to be made at that term, and was to be final between them : that the arbitrators met and heard both parties : that they made up their award, and returned it to court: and that judgments were entered on the award, " without argument or objection." This award is now attempted to be impeached, for favor, partiality, errors and mistakes, in the arbitrators.

Without giving any opinion, whether the matters alledged against this award, are sufficient to warrant a court in setting it aside, or not, it may be observed, that whatever is charged in this bill might have been urged against receiving the award, when it was returned into court. If it had then been shewn to the court that the arbitrators misbehaved (to use the phraseology of the statute) or that the award was obtained by fraud, corruption, or other undue means, we may presume that judgment would not have been rendered on it against this plaintiff. He had then a complete and adequate remedy at law, and he assigns no reason whatever why he did not avail himself of it. This case seems to me to be very similar to the case of Yancy vs. Fenwick, 4th Hen. & Mun. 423, in which the chancellor says: " This is a plain case—the plaintiff might have defended himself at law ; but, without assigning a reason why he did not, he comes into this court as if it

JEFFERSON.    were a matter of right.   But in  that he is mistaken; for
December 1816 this court can only give relief, where the law affords none ;
Ohio        unless the party asking for it, could not avail himself at
v.
Patton.      law : and then the circumstances must always be stated in
.the bill, that the court may judge of them"—with  which I fully coin-
cide.  *Per. Cur.*  Let the injunction be dissolved.

